IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01587-BNB

JAVIER MUNOZ-MARQUEZ,

Applicant,

v.

J. M. WILNER, Warden, FCI - Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 29 2008

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

Applicant, Javier Munoz-Marquez, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Munoz-Marquez initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and an attached, supporting brief. He paid the $5.00 filing fee required for a habeas corpus action.

On August 12, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On September 2, 2008, Respondent filed a preliminary response. Applicant has failed to submit a reply, although he was provided with the opportunity to do so.

The Court must construe Mr. Munoz-Marquez's application liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Munoz-Marquez currently is serving an eighty-four-month sentence for conspiracy to distribute and possession with intent to distribute one or more controlled substances. His projected release date, via good-conduct-time release, is October 24, 2013. He contends that he is entitled to a sentence reduction by crediting him with time he allegedly served in state custody. He specifically contends that he is entitled to 33 months and 23 days, or a total of 1,029 days, of detention credits applied toward his sentence pursuant to 18 U.S.C. § 3585(b). Supporting brief at 1.

According to Mr. Munoz-Marquez, he was sentenced in federal court on February 3, 2005, and remanded to the custody of the United States Marshals Service, which transported him to a state holding facility in Jefferson County, Colorado, to resolve state charges pending against him. He further alleges that he was sentenced in state court, that his state sentence was ordered to run concurrently with his federal sentence, and that he remained in state custody until he was paroled by state authorities on November 28, 2007, when he was transferred to BOP custody and his federal sentence began to run. Mr. Munoz-Marquez contends he is entitled to have his federal sentence reduced by the amount of time he served in state custody.

As relief, he appears to be asking the Court to apply § 5G1.3(b)(1) of the United States Sentencing Guidelines (USSG) "to adjust the Applicant's 84 month prison sentence downward by 33 months and 23 days (or 1,029 total days)" in order to award the Applicant "the detention credits he has earned." Application at 5. According to

2

Applicant, he would be left with a new prison term of "50 months and 7 days." Supporting brief at 3. USSG § 5G1.3(b)(1) provides that where "a term of imprisonment resulted from another offense that is relevant to the instant offense of conduct under [certain provisions] . . . , the sentence for the instant offense shall be imposed as follows: the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such a period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."

Applicant concedes and the record confirms that he has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. He contends that exhaustion is futile because Respondent already has determined that he is not entitled to the relief requested and will not revisit that determination. Respondent contends that Mr. Munoz-Marquez has not even attempted to exhaust BOP administrative remedies, and, therefore, cannot know whether his efforts to exhaust would be futile. This Court agrees.

Exhaustion of administration remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Mr. Munoz-Marquez's speculation that exhaustion would be futile does not excuse the required exhaustion process. He has not shown affirmatively that exhausting BOP remedies would be useless. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

The BOP administrative remedy program is available to federal prisoners such as Mr. Munoz-Marquez. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15. Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention. It is

FURTHER ORDERED that the motion to withdraw as attorney filed on October 14, 2008, by Hayley E. Reynolds because Paul Farley entered his appearance on October 14 on behalf of Respondent is granted.

DATED at Denver, Colorado, this 29 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01587-BNB

Javier Munoz-Marquez
Reg. No. 31811-013
FCI - Florence
PO Box 6000
Florence, CO 81226

Hayley E. Reynolds
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/29/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk